IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE E. BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-719-DRH |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on Petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois brings this habeas corpus action pursuant to **28 U.S.C. § 2241** to challenge the sentence that was imposed relating to his 1998 conviction in the Eastern District of Missouri.

On April 16, 1998, Petitioner was found guilty of possession with intent to distribute powder cocaine, possession of a firearm by a felon, identity theft, and filing of false currency transaction reports. Petitioner was sentenced by the Eastern District of Missouri to 276 months imprisonment, based on the Armed Career Criminal Act, which was invoked because it was determined that Petitioner had been found guilty of three prior violent felonies. Petitioner appealed to the

Eighth Circuit, which on June 21, 1999, denied his appeal. Nearly a year later, on June 15, 2000, Petitioner filed a motion pursuant to **28 U.S.C. § 2255**, arguing that his sentence was illegally enhanced by use of the Armed Career Criminal Act. Petitioner argued that because his civil rights had been restored in relation to one of the violent felonies considered under the Act (his conviction for armed robbery), that conviction should not have been used to label him as a career offender, but the District Court for the Eastern District of Missouri denied the **§ 2255** motion in December 2000. In May 2001, the Eighth Circuit denied Petitioner's request for a certificate of appealability. Petitioner then filed motions pursuant to **28 U.S.C. §2241** in March 2005, September 2006, and August 2008; each of these were dismissed because the issues raised within them could have been brought under **28 U.S.C. §2255**, thereby making it adequate and effective for meeting Petitioner's claims. Petitioner filed one more **§ 2241** motion in June 2010, which was voluntarily dismissed. Petitioner's current **§ 2241** claim was filed September 17, 2010.

      **Rule 4** of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." **RULES GOVERNING § 2254 CASES IN THE U.S. D. CTS. R. 4 (2010).** **Rule 1(b)** of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* **R. 1(b).** After

carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to **28 U.S.C. § 2255**, and this remedy normally supersedes the writ of habeas corpus. A **§ 2241** petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* **138 F.3d 693, 694 (7th Cir. 1998);** *Atehortua v. Kindt,* **951 F.2d 126, 129 (7th Cir. 1991).** However, a petition challenging the conviction may be brought pursuant to **28 U.S.C. § 2241** if the remedy provided by **28 U.S.C. § 2255** is inadequate or ineffective**.** *See also Waletski v. Keohane***, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").**

Petitioner contends that he is one of those for whom the **§ 2255** motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second **§ 2255** petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* **147 F.3d 605, 609-10 (7th Cir. 1998) (section 2255's limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).** Instead, a petitioner under **§ 2241** must demonstrate the inability of a **§ 2255** motion to cure the defect in the conviction.

In *In re Davenport*, the Seventh Circuit considered the meaning of

"inadequacy" for purposes of **§ 2255**. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." ***Davenport,*** **147 F.3d at 611 (emphasis added).** The Seventh Circuit clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." ***Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).**

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead, Petitioner is arguing that based on the Supreme Court's decision in ***Logan v. U.S.*, 552 U.S. 23 (2007)**, convictions should not be used for Armed Career Criminal Act sentencing where a petitioner's civil rights have been restored. ***Id.* at 26.** Thus, because Petitioner's civil rights were restored after his conviction of armed robbery, he argues that it should not have been considered in his 1998 sentencing. Important here is that Petitioner does not argue that he was innocent of the crime of armed robbery, just that it should not have been used during sentencing. Where a petitioner is merely attacking his sentence, instead of making a claim that he is actually innocent of the crime for which he was sentenced, the correct motion to be filed is a **§ 2255** motion. ***In re Davenport*, 147 F.3d at 609-10.** Petitioner filed a **§ 2255** motion in June 2000, and Petitioner may request a certificate of appealability to bring a

successive **§ 2255** motion in which to raise his current claim. As such, **§ 2255** does not prove to be an inadequate remedy for Petitioner's current claim, and consistent with *In re Davenport*, Petitioner cannot raise his current claim under the awning of **§ 2241**.

Therefore, **§ 2241** cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice. Petitioner's motion for immediate release (Doc. 2), motion to withdraw counsel (Doc. 12), and counsel's motion to withdraw as counsel (Doc. 17) are **DENIED** as moot.

**IT IS SO ORDERED.**

Signed this 28th day of January, 2011.

David R. Herndon
2011.01.28 16:25:32
-06'00'

**Chief Judge**
**United States District Court**